1   Terry Kearney (Bar No. 160054)
    terry.kearney@lw.com
2   LATHAM & WATKINS LLP
    140 Scott Drive
3   Menlo Park, California 94025
    Telephone:  650 328 4600
4   Facsimile:  650 463 2600

5   Roger J. Chin (Bar No. 184662)
    roger.chin@lw.com
6   LATHAM & WATKINS LLP
    505 Montgomery Street, Suite 2000
7   San Francisco, California 94111
    Telephone: 415 391 0600
8   Facsimile: 415 395 8095

9   Attorneys for Respondent
    THORATEC LLC

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14  In re Application of AIS GMBH AACHEN        CASE NO. 16-MC-80094-HRL
    INNOVATIVE SOLUTIONS & ABIOMED
15  EUROPE GMBH, Petitioners, For an Order     **THORATEC'S NOTICE OF MOTION
    Pursuant to 28 U.S.C. § 1782 to Take       AND MOTION TO DISQUALIFY ROPES
16  Discovery for Use in Foreign Proceedings,  & GRAY AND MEMORANDUM IN
    Pursuant to the Federal Rules of Civil     SUPPORT THEREOF**
17  Procedure, of Respondent Thoratec LLC
                                               Hearing Date: August 23, 2016
18                                             Time: 10:00 a.m.
                                               Courtroom: 2
19                                             Judge:  Hon. Howard R. Lloyd

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................. 2

II. INTRODUCTION ............................................................................................. 2

III. STATEMENT OF RELEVANT FACTS .............................................................. 3

    A. Bird & Bird Represented Thoratec Adverse To AIS ............................................. 3

    B. Bird & Bird Now Represents AIS Adverse to Thoratec ...................................... 4

    C. Bird & Bird Collaborates with Ropes & Gray ..................................................... 5

IV. ARGUMENT ................................................................................................... 5

    A. Legal Standards .................................................................................................... 5

    B. Bird & Bird's Past And Present Representations Are Substantially Related ........................................................................................................................... 7

    C. Bird & Bird Is Presumed To Have Shared Thoratec's Confidences ................... 8

    D. Ropes & Gray Is Vicariously Tainted With Bird & Bird's Conflict ................... 8

    E. Any Potential Burden to AIS Does Not Avoid Disqualification ........................ 11

V. CONCLUSION ............................................................................................... 11

1

## TABLE OF AUTHORITIES

2

## CASES

3

4

*Advanced Messaging Techs., Inc. v. EasyLink Servs. Int'l Corp.,*
  913 F. Supp. 2d 900 (C.D. Cal. 2012) ............................................................ *passim*

5

*Asyst Techs., Inc. v. Empak, Inc.,*
  962 F. Supp. 1241 (N.D. Cal. 1997) .................................................. 5, 6, 7, 8

6

7

*Beltran v. Avon Prods., Inc.,*
  867 F. Supp. 2d 1068 (C.D. Cal. 2012) ............................................ 6, 9

8

*City & Cnty. of San Francisco v. Cobra Solutions, Inc.,*
  38 Cal. 4th 839 (2006) ............................................................ 6, 7

9

10

*Flatt v. Superior Court,*
  9 Cal. 4th 275 (1994) ............................................................ 6

11

*FlatWorld Interactives LLC v. Apple Inc.,*
  No. 12-CV-01956-WHO, 2013 WL 4039799 (N.D. Cal. Aug. 7, 2013) ............................ 11

12

13

*Fund of Funds, Ltd. v. Arthur Andersen & Co.,*
  567 F.2d 225 (2d Cir. 1977) ............................................................ 9

14

*Henriksen v. Great Am. Savings & Loan,*
  11 Cal. App. 4th 109 (1992) ............................................................ 11

15

16

*Hitachi, Ltd. v. Tatung Co.,*
  419 F. Supp. 2d 1158 (N.D. Cal. 2006) ............................................ 6, 7

17

*I-Enter. Co. v. Draper Fisher Jurvetson Mgmt. Co. V, LLC,*
  No. C-03-1561, 2005 WL 757389 (N.D. Cal. Apr. 4, 2005) ............................ 6, 11

18

19

*In re Cnty. of Los Angeles,*
  223 F.3d 990 (9th Cir. 2000) ............................................................ 5

20

*IPVX Patent Holdings, Inc. v. 8x8, Inc.,*
  No. 13-CV-01707- SBA(KAW),
  2013 WL 6700303 (N.D. Cal. Dec. 19, 2013) ............................................ 11

21

22

*Love v. Permanente Med. Grp.,*
  No. 12-CV-05679-WHO, 2013 WL 5273213 (N.D. Cal. Sept. 18, 2013) ............................ 11

23

24

*People ex rel. Dept. of Corps. v. SpeeDee Oil Change Sys., Inc.,*
  20 Cal. 4th 1135 (1999) ............................................................ 5

25

*Pound v. DeMera DeMera Cameron,*
  135 Cal. App. 4th 70 (2005) ............................................ 6, 8, 9, 10

26

*Roberts v. Bisno,*
  2007 Cal. Super. LEXIS 159 Aug. 31, 2007) ............................................ 6

27

28

*Value Prop. Trust v. Zim Co.*,
   195 B.R. 740 (C.D. Cal. 1996) .................................................................................... 8

### STATUTES

35 U.S.C. § 1782 .................................................................................................................. **5**

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

iii

THORATEC MOTION TO DISQUALIFY ROPES & GRAY
CASE NO: .16-MC-80094-HRL

1

**TABLE OF ABBREVIATIONS**

2

3

Edesess Decl.          Declaration of Robert B. Edesess, Jr. in support of Thoratec's Motion to
                       Disqualify Ropes & Gray, submitted herewith

4

Engelhardt Decl.       Declaration of Christian Engelhardt in support of Thoratec's Motion to
                       Disqualify Ropes & Gray, submitted herewith

5

6

Koh Decl.              Declaration of Jennifer Koh in support of Thoratec's Motion to Disqualify
                       Ropes & Gray, submitted herewith

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **NOTICE OF MOTION AND MOTION**

2        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that on August 23, 2016 at 10:00 a.m. in Courtroom 2, or as

4    soon thereafter as the matter may be heard, Thoratec LLC ("Thoratec") will and hereby does

5    move the Court, pursuant to Civil L.R. 7, for an order granting Thoratec's Motion to Disqualify

6    Ropes & Gray from the present action.

7        Thoratec's Motion respectfully asks the Court to disqualify Ropes & Gray LLP ("Ropes

8    & Gray") as counsel for Petitioners AIS GmbH Aachen Innovative Solutions ("AIS") and

9    Abiomed Europe GmbH ("Abiomed Europe") (together, "Petitioners").  This Motion is based on

10   this Notice of Motion, the accompanying Memorandum of Points and Authorities, the

11   Declaration of Robert B. Edesess, Jr., the Declaration of Christian Engelhardt, the Declaration of

12   Jennifer Koh, and the proposed order submitted herewith, all papers and pleadings on file in this

13   action, such other evidence and argument as may be presented at or before any hearing on this

14   Motion.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                        **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.**      **STATEMENT OF ISSUE TO BE DECIDED BY THE COURT**

3        Whether the Court should disqualify Ropes & Gray from the present action.

4 **II.**     **INTRODUCTION**

5        This is a classic side-switching case.  In 2008, Thoratec hired Bird & Bird to represent it

6      REDACTED        A key part of that representation was Bird & Bird's legal analysis

7 and opinions concerning                   REDACTED

8

9

10 To that end, Bird & Bird represented Thoratec for over ten months, charged Thoratec REDACTED

11 and was well informed of Thoratec's confidential patent and business strategies.

12        In October 2015, and without telling Thoratec, AIS hired Bird & Bird to prosecute

13 German infringement and invalidity proceedings against Thoratec – involving the very AIS

14 patents that were the subject matter of Bird & Bird's prior representation of Thoratec.  Thoratec

15 asked Bird & Bird to withdraw.  There being no disqualification procedure in German district

16 courts, Bird & Bird ignored Thoratec's request.

17        To add insult to injury, Bird & Bird has now come to California – behind Ropes &

18 Gray's shield – to take discovery of Thoratec relating to the subject matter of Bird & Bird's prior

19 representation of Thoratec – for Bird & Bird to use against Thoratec in Germany.   Thoratec

20 asked Ropes & Gray to withdraw.  Ropes & Gray declined.

21        It goes without saying that, had Bird & Bird directly attempted to take this discovery

22 from Thoratec, Bird & Bird would have been disqualified.  Thoratec hereby moves to disqualify

23 Ropes & Gray because Bird & Bird may not indirectly violate the ethics rules that it may not

24 directly violate.  Petitioners may not evade California's ethics rules by playing a shell game with

25 their counsel.  Under the vicarious presumption rule, Ropes & Gray is presumed to have

26 obtained Thoratec confidences, is tainted with Bird & Bird's conflict, and must be disqualified.

27        Unlike the German courts, this Court has authority to maintain ethical standards of

28 professional responsibility.

III.    STATEMENT OF RELEVANT FACTS

    A.    **Bird & Bird Represented Thoratec Adverse To AIS**

Thoratec is a leading company in development, manufacturing and sale of medical devices, especially for treating heart disease and cardiac dysfunctions.  In April 2008, Thoratec engaged Bird & Bird to provide legal advice in                 REDACTED

                                          [1] Edesess Decl. ¶ 3.

As part of Bird & Bird's representation of Thoratec, Bird & Bird provided its legal advice, analysis and opinions concerning                 REDACTED

. *Id.* ¶ 4.  For example, on August 1, 2008, Bird & Bird provided to Thoratec a draft of a confidential 60-page "Legal Due Diligence Report" relating to AIS's patent portfolio, which reflected Bird & Bird's findings and legal analysis.  *Id.* ¶ 5, Ex. B.  The report (following a five-page May 7, 2008 memorandum) included Bird & Bird's         REDACTED

              . *Id.* ¶ 5, Ex. A; *see also* ECF No. 3 ¶ 4.

On July 31, 2008, Thoratec asked Bird & Bird to         REDACTED

                Edesess Decl. ¶ 8, Ex. M.  On September 15, 2008, Bird & Bird provided Thoratec a 44-page legal memorandum including further legal analysis of[REDACTED]

                *Id.* ¶ 9; Ex. C.  Thoratec ultimately licensed the Penn State application (along with other patents, patent applications and technology), and with that technology developed its HeartMate PHP™ pump.  *Id.* ¶ 13.

    Throughout October 2008,            REDACTED

              *Id.* ¶ 10.

From April 2008 through January 2009, Thoratec and Bird & Bird had numerous communications regarding Thoratec's confidential patent and business strategies concerning the

---

[1] According to Petitioners' Civil L.R. 3-15 Statement, petitioner AIS is a wholly-owned subsidiary of ECP Entwicklungsgesellschaft mbH, which in turn is a wholly-owned subsidiary of petitioner Abiomed Europe GmbH.  Abiomed Europe, in turn is a wholly-owned subsidiary of Abiomed R&D, Inc., which is a wholly-owned subsidiary of Abiomed, Inc.  *See* ECF No. 5.

specific types of heart pumps at issue in this case. *Id.* ¶ 11. Throughout that representation, Bird & Bird was well informed of Thoratec's strategy and analysis of AIS's patent portfolio, including the strengths and weaknesses of AIS's patents and patent applications, and the competing prior art. *Id.* ¶ 11; Exs. E-L. For that representation, Bird & Bird logged REDACTE hours and invoiced Thoratec approximately REDACTED. *Id.* ¶ 12.

### B.    Bird & Bird Now Represents AIS Adverse to Thoratec

On October 2, 2015, Bird & Bird, representing petitioners AIS and Abiomed Europe, filed infringement complaints against Thoratec in Germany (4a O 125/15, 4a O 126/15, and  4a O 147/15), asserting that Thoratec's HeartMate PHP product infringes EP '872, EP '658, and EP 1651290 B1 ("EP '290"). ECF No. 3 ¶¶ 3-4.[2]

Three days later, on October 5, 2015,                     REDACTED

Edesess Decl. ¶ 15, Ex. D. Bird & Bird's sole response to Thoratec's request was an October 6, 2015 email stating that                     REDACTED

*Id.* Bird & Bird has not withdrawn from any of the German proceedings.

The German courts in which patent disputes are decided in the first-instance do not have authority, *ex officio*, to resolve disqualification disputes. Engelhardt Decl. ¶ 2. Such disputes must be referred to one of the Lawyers' Disciplinary Courts, which are a function of the German regional bars. *Id.* However, whether a dispute is considered by the Disciplinary Court is discretionary; and resolving such disputes (including appeals) may take years. *Id.*[3] Thus Thoratec was unable to disqualify Bird & Bird in the German proceedings when Bird & Bird chose to ignore the request of its former client to withdraw.

---

[2] On December 11, 2015, Bird & Bird filed an "extended" complaint against Thoratec in Germany (4a O 11/16) and asserted that the HeartMate PHP product also infringes German patent DE 10336902 ("DE '902"). *Id.*

[3] An affected client could also bring an action against the lawyer for breach of contract which may include applying for an injunction, but such actions are highly unusual in Germany and would not automatically stay the lawsuit in which an attorney is conflicted. Engelhardt Decl. ¶ 3. The affected client could also lodge a criminal complaint with the State Attorney, which has the discretion to investigate, but this would be even more unusual and also would not stay or otherwise affect the lawsuit. *Id.*

### C.    Bird & Bird Collaborates with Ropes & Gray

The German infringement proceedings that Bird & Bird brought for AIS and Abiomed Europe against Thoratec have been pending since October 2, 2015.  They are scheduled for a hearing in January 24, 2017.  Petitioners have not sought discovery in those German actions, where discovery rules are considerably more restrictive than in the United States.  *See, e.g.*, ECF No. 3 at ¶ 7.  Instead, Petitioners had Bird & Bird collaborate with Petitioner's U.S. counsel (Ropes & Gray) to take discovery from Thoratec in the U.S. via the present *Ex parte* Application under 35 U.S.C. § 1782.  Petitioners' specific and expressed intent is to use this discovery against Thoratec in the German actions.  ECF No. 1 at 2; ECF No. 3 ¶ 2.

## IV.    ARGUMENT

### A.    Legal Standards

"Because of the fiduciary nature of the attorney-client relationship, courts have been loathe to permit an attorney to act adversely to the interests of a former client."  *Asyst Techs., Inc. v. Empak, Inc.*, 962 F. Supp. 1241, 1242 (N.D. Cal. 1997).  Federal courts in California must apply California law in a disqualification motion.  *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

Rule 3-310(E) of the Rules of Professional Conduct of the State Bar of California provides that a member shall not, without informed written consent, accept employment adverse to a former client where the member has obtained confidential information material to the employment through his or her representation of the former client.  In interpreting Rule 3-310(E), the California Supreme Court has held that where "an attorney successively represents clients with adverse interests, and where the subjects of the two representations are substantially related, the need to protect the first client's confidential information requires that the attorney be disqualified from the second representation."  *People ex rel. Dept. of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1146 (1999).

In determining whether there is a substantial relationship between successive representations, a court should analyze "whether there was a direct relationship between an attorney and the former client, and whether that relationship touched issues related to the present

1    litigation." *Advanced Messaging Techs., Inc. v. EasyLink Servs. Int'l Corp.*, 913 F. Supp. 2d

2    900, 907 (C.D. Cal. 2012).  Courts look to the degree of overlap in subject-matters, facts or

3    issues to determine whether there is a substantial relationship.  *Id.*  A "subject" is "broader than

4    the discrete legal and factual issues involved in the compared representations, as it includes

5    information material to the evaluation, prosecution, settlement or accomplishment of the

6    litigation or transaction given its specific legal and factual issues." *Id.* at 907-08.  A "rational

7    link" between the subject matter of the two cases will suffice.  *Id.* at 908.

8         Where there is such a substantial relationship, then the former client "need not prove that

9    the attorney possesses actual confidential information." *City & Cnty. of San Francisco v. Cobra*

10   *Solutions, Inc.*, 38 Cal. 4th 839, 847 (2006).  Once a substantial relationship is found, an

11   "irrebuttable presumption arises that the former attorney had confidential information material to

12   the current representation and the inquiry ends." *Asyst Techs*, 962 F. Supp. at 1242.

13   Disqualification of the conflicted attorney's representation of the second client is mandatory. *I-*

14   *Enter. Co. v. Draper Fisher Jurvetson Mgmt. Co. V, LLC*, No. C-03-1561, 2005 WL 757389, at

15   *4 (N.D. Cal. Apr. 4, 2005); *Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994).

16        If the conflicted attorney is a member of a law firm, the attorney's knowledge is imputed

17   to all members of the firm and the entire firm is disqualified. *Asyst Techs.*, 962 F. Supp. at 1242;

18   *SpeeDee Oil*, 20 Cal. 4th at 1153; *see also Flatt*, 9 Cal. 4th at 283.  As a general rule,

19   disqualification applies to the entire firm "regardless of efforts to erect an ethical wall." *Hitachi,*

20   *Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1161 (N.D. Cal. 2006).

21        The vicarious presumption rule additionally applies to another firm that is co-counsel

22   with the tainted firm, and presumes that co-counsel received confidential information. *See, e.g.*,

23   *Pound v. DeMera DeMera Cameron*, 135 Cal. App. 4th 70, 77-79 (2005) (disqualifying

24   associated counsel because "there is no logical or substantive manner to distinguish" between a

25   firm employing a tainted attorney and a firm serving as co-counsel with a tainted attorney);

26   *Roberts v. Bisno*, 2007 Cal. Super. LEXIS 159 (Aug. 31, 2007) (disqualifying associated counsel

27   regardless of whether confidential information was received); *Beltran v. Avon Prods., Inc.*, 867

28   F. Supp. 2d 1068, 1084 (C.D. Cal. 2012) (disqualifying associated counsel where it was

1    "reasonable to assume that the two law firms engaged in fairly extensive discussions about the

2    case and Plaintiff's litigation strategy before filing their complaint"); *Advanced Messaging*, 913

3    F. Supp. 2d at 909 (disqualifying associated counsel when it cooperated, coordinated, and

4    communicated with the company's attorneys).

5         Although disqualification of counsel may burden the affected party, courts have

6    recognized that the important right to choose counsel must yield to ethical standards of

7    professional responsibility.  *See, e.g.*, *Cobra Solutions*, 38 Cal. 4th at 851 (former clients'

8    "overwhelming interest in preserving the confidentiality of information they imparted to

9    counsel" overrides any burdens placed by disqualification of firm); *Hitachi*, 419 F. Supp. 2d at

10    1160-61 ("[u]ltimately… a court must maintain ethical standards of professional responsibility").

11         **B.**     **Bird & Bird's Past And Present Representations Are Substantially Related**

12         There is far more than a "rational link" between the subject matter of Bird & Bird's prior

13    representation of Thoratec and its current representation of AIS and Abiomed.  *Advanced*

14    *Messaging*, 913 F. Supp. 2d at 908.           REDACTED

15                                     Bird &

16    Bird now represents AIS in litigation adverse to Thoratec on those very same patent applications

17    (now issued as patents and developed into a product).  Where the same patents were at issue in

18    prior representation, a substantial relationship exists.  *Hitachi*, 419 F. Supp. 2d at 1164; *Asyst*

19    *Techs.*, 962 F. Supp. at 1242.

20         Although EP '872 and EP '658 had not yet issued from EP 07019657.1 at the time of

21    Bird & Bird's representation of Thoratec, the claims of the patents that issued from those

22    applications are substantially the same.  *See Koh Ex. A; see also Advanced Messaging*, 913 F.

23    Supp. 2d at 908 (finding substantial relationship even where the patents "have been altered" in

24    reexamination by the PTO because there was still "a rational link between the subject matter of

25    the two cases").

26         Moreover, Bird & Bird was privy to Thoratec's confidential patent and business

27    strategies concerning the specific types of heart pumps at issue here.      REDACTED

28

1                                      REDACTED

2          and that is now under attack by Bird & Bird in

3 Germany on behalf of AIS.  *See* Engelhardt Ex. B.  For its part, Thoratec is asserting this Penn

4 State patent in the German nullity action as invalidating AIS's European Patent EP '872 (4 Ni

5 25/15).  Engelhardt Ex. A.

6       **C.**      **Bird & Bird Is Presumed To Have Shared Thoratec's Confidences**

7          Because the subject matter of Bird & Bird's representation of Thoratec is substantially

8 related to its representation of AIS, there is an irrebuttable presumption that Bird & Bird

9 possessed Thoratec's confidential information.  *Asyst Techs.*, 962 F. Supp. at 1242.  REDACTED

10

11          *Advanced Messaging*, 913 F. Supp. 2d at 909 ("confidential

12 information may guide prior art reviews – such as an instruction from a partner or client about

13 the weaknesses of certain features").  And at least one of the Bird & Bird partners representing

14 Thoratec (Daniela Kinkeldey), is now counsel of record for Abiomed Europe adverse to

15 Thoratec.  Engelhardt Ex. C.  The apparent fact that Bird & Bird does not have an office in

16 California does not immunize its indirect conduct when collaborating with a law firm that does.

17 "Even though disqualification may not be required in consequence of the conduct in the

18 jurisdiction where the attorney is licensed to practice, the forum court cannot permit the

19 representation to go forward if there is a disabling conflict under the forum's rules."  *Value Prop.*

20 *Trust v. Zim Co.*, 195 B.R. 740, 749 (C.D. Cal. 1996).

21       **D.**      **Ropes & Gray Is Vicariously Tainted With Bird & Bird's Conflict**

22          Bird & Bird is presumed to have received Thoratec's confidential information, and Ropes

23 & Gray should be disqualified because it cooperated, coordinated, and communicated with Bird

24 & Bird in the present action to obtain discovery for Bird & Bird.

25          The vicarious disqualification rule extends to co-counsel who interacted with respect to

26 the representation, because "there is no logical or substantive manner to distinguish" between

27 attorneys who work together in a firm and independent attorneys who associate together to

28 jointly represent the same client in a single matter.  *Pound*, 135 Cal. App. 4th at 73.

1    This case demonstrates the sound logic of *Pound*.  Had Bird & Bird filed the present *Ex*

2  *parte* Application instead of Ropes & Gray, Bird & Bird would be disqualified for violating Rule

3  3-310(E) of the Rules of Professional Conduct of the State Bar of California.  The fact that Bird

4  & Bird and Ropes & Gray collaborated to file the *Ex parte* Application should not lead to a

5  different result.  Bird & Bird should not be able to "violate by indirection those very strictures it

6  cannot directly contravene," by simply substituting another firm to do so and consulting with that

7  firm.  *See Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 233 (2d Cir. 1977).

8    It is clear that the two law firms are collaborating in the present action.  Ropes & Gray

9  filed the action specifically to obtain discovery for Bird & Bird to use in the German actions.

10  Ropes & Gray assisted Boris Kreye, Bird & Bird's attorney representing AIS and Abiomed in

11  the German actions, to submit a declaration in support of Petitioners' Application.  For its part,

12  Ropes & Gray improperly[4] cited and submitted with its *Ex parte* Application documents it

13  obtained in related UK litigation in which it represents Petitioners against Thoratec.

14    There is no doubt that the two firms have been and will continue to cooperate on their

15  joint litigation strategy in attempting to seek discovery from Thoratec.  *See Beltran*, 867 F. Supp.

16  2d at 1084 (disqualifying associated law firm along with conflicted firm based on vicarious

17  presumption rule); *Pound*, 135 Cal. App. 4th at 77.

18    In fact, the present case is a more compelling case for disqualification than in *Pound*.  In

19  *Pound*, Attorney Bradley previously interviewed with the firm of Smith, who represented the

20  defendants in the current matter, for "approximately one hour."  During the interview, Bradley

21  learned specifics of the case.  Later, the firm of Jones (representing plaintiffs) consulted with

22  _____

23    [4] Exhibits ECF No. 1-7 and 1-8 were provided to Ropes & Gray in a UK proceeding
under the express condition that they only be used for the purposes of the UK proceedings and
24  no other purpose.  Koh Exs. B-C.  Petitioners ignored that condition, and never sought
Thoratec's consent to use these documents outside of the UK proceeding.  Petitioners further
25  refused to confirm that it would not use those documents again outside of the UK proceedings.
Koh Ex. F.

26    Further evidence of Ropes & Gray's improper coordination with Bird & Bird surfaced
just last week, when Bird & Bird notified the German court in infringement proceeding 4a O
27  126/15 that it erroneously used a depiction of Thoratec's accused product that is subject to
confidentiality obligations in the UK – information that was provided to Ropes & Gray as
28  counsel for AIS in a UK proceeding.  Engelhardt Ex. D.

1  Bradley "a few times" on the case because of Bradley's corporate expertise.  However, Bradley

2  was not an associate or member of either firm for plaintiffs or defendants in the current action.

3  Instead, Bradley was an independent attorney contacted by the adverse parties seeking

4  representation.  The court decided that this made no substantive difference.  The distinction

5  between the plaintiff firm's hiring of Bradley as an associate of the firm and associating him

6  generally as counsel does not change the need to protect defendants' confidences.  *Id.*  The court

7  stated that "it is impossible to conceive a justification for not disqualifying Jones when he

8  consulted with Bradley, an attorney who obtained the opponent's confidences, even if Bradley

9  never associated into the case."  *Id.* at 78-79.  The court found that the potential for disclosure of

10  confidential information would be great and vicariously disqualified Jones as well.  *Id.*

11       Here, Bird & Bird represented Thoratec          REDACTED

12                                    .  *See* Edesess Exs. E-L.  And Bird & Bird is carefully

13  collaborating and coordinating with Ropes & Gray (not merely a "few times") in their *Ex parte*

14  Application to affect strategic litigation goals of their common clients, AIS and Abiomed

15  Europe.[5]

16       *Advanced Messaging* is also instructive.  There, the Court disqualified the law firm

17  Perkins Coie from representing OpenText in the litigation, based on the vicarious presumption

18  rule, because Perkins Coie communicated with the tainted attorney, who was not of record in the

19  case.  The tainted attorney was "outside-inside counsel" at OpenText, and previously did work

20  analyzing overlapping patents for the other side (j2) when he was at a prior law firm.  The Court

21  also ordered Perkins Coie not to have any further involvement in the action.  The Court further

22  ordered OpenText to screen in-house counsel at OpenText from participating in the litigation,

23  because he had substantive discussions with the tainted attorney and Perkins Coie.  The Court

24  further ordered that successor counsel not communicate with Perkins Coie or the tainted

25

26       [5] In order to further understand the nature of the interactions Ropes & Gray had with Bird
     & Bird on matters adverse to Thoratec, Thoratec requested that Ropes & Gray provide a list of
27   all persons at Ropes & Gray who have interacted with Bird & Bird concerning the subject matter
     of this action, and a log of all communications between those persons at Ropes & Gray and Bird
28   & Bird.  Koh Ex. D.  Ropes & Gray did not provide the requested information.  Koh Ex. G.

1  attorney, any screened person, or any other person who had communications with the tainted

2  attorney about any matter related to the action.  *Advanced Messaging*, 913 F. Supp. 2d at 912-

3  913.[6]

4         Here, Ropes & Gray communicated and collaborated with the tainted firm Bird & Bird,

5  who previously did work on overlapping patents for the adverse party (Thoratec).  Even though

6  Bird & Bird is not attorney of record in the present case, the irrebuttable presumption applies to

7  Ropes & Gray and disqualification is mandatory.  Further, the Court should order Ropes & Gray

8  not to communicate with Bird & Bird about the subject matter of the action.

9                  **E.      Any Potential Burden to AIS Does Not Avoid Disqualification**

10        This matter is in its infancy, with no substantive action having occurred other than the

11  filing of this motion.  Any purported burden on AIS cannot overcome disqualification.  *I-Enter.*,

12  2005 WL 757389, at *8 (refusing to deny disqualification based on arguments of prejudice and

13  financial hardship); *see also Henriksen v. Great Am. Savings & Loan*, 11 Cal. App. 4th 109, 114

14  (1992) (affirming disqualification of counsel two-and-a-half years into the litigation, when the

15  case was ready for trial).

16  **V.    CONCLUSION**

17        For the above reasons, Thoratec respectfully requests that the Court grant its Motion to

18  Disqualify Ropes & Gray.  A proposed order is attached.

19

20

21

22

23        [6] Apparently, Ropes & Gray believes Thoratec should be satisfied with Ropes & Gray's assertion that "Bird & Bird has not disclosed to the attorneys at Ropes & Gray any confidential information obtained from Thoratec in connection with Bird & Bird's alleged prior
24  representation of Thoratec."  Koh Ex. G.  Thoratec is not and need not be.  The cases that Ropes & Gray ostensibly cites in support of that assertion (*Love v. Permanente Med. Grp.*, No. 12-CV-
25  05679-WHO, 2013 WL 5273213, at *5-6 (N.D. Cal. Sept. 18, 2013); *IPVX Patent Holdings, Inc. v. 8x8, Inc.*, No. 13-CV-01707- SBA(KAW), 2013 WL 6700303, at *5-6 (N.D. Cal. Dec. 19,
26  2013); *FlatWorld Interactives LLC v. Apple Inc.*, No. 12-CV-01956-WHO, 2013 WL 4039799, at *5, *9 (N.D. Cal. Aug. 7, 2013)) are inapposite.  In *Love* and *FlatWorld Interactives*, the
27  directly conflicted attorney had no information relating to representation of the former client that could be passed to co-counsel, and in the case of *IPVX*, there was no substantial relationship
28  between the current and former matters.

1

Dated:  July 18, 2016                                    Respectfully submitted,

2

3                                                                           By  */s/ Terry Kearney*

Terry Kearney
4                                                                              terry.kearney@lw.com
LATHAM & WATKINS LLP
5                                                                              140 Scott Drive
Menlo Park, California 94025
6                                                                              Tel: 650 328 4600
Fax: 650 463 2600

7

Roger J. Chin
8                                                                              roger.chin@lw.com
LATHAM & WATKINS LLP
9                                                                              505 Montgomery Street, Suite 2000
San Francisco, California 94111
10                                                                            Telephone: 415 391 0600
Facsimile: 415 395 8095

11

Attorneys for Respondent
12                                                                           THORATEC LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28