1  Terry Kearney (Bar No. 160054)
   terry.kearney@lw.com
2  LATHAM & WATKINS LLP
   140 Scott Drive
3  Menlo Park, California 94025
   Telephone: 650 328 4600
4  Facsimile: 650 463 2600

5  Roger J. Chin (Bar No. 184662)
   roger.chin@lw.com
6  LATHAM & WATKINS LLP
   505 Montgomery Street, Suite 2000
7  San Francisco, California 94111
   Telephone: 415 391 0600
8  Facsimile: 415 395 8095

9  Attorneys for Respondent
   THORATEC LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Application of AIS GMBH AACHEN INNOVATIVE SOLUTIONS & ABIOMED EUROPE GMBH, Petitioners, For an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings, Pursuant to the Federal Rules of Civil Procedure, of Respondent Thoratec LLC | CASE NO. 16-mc-80094-HRL<br><br>**THORATEC'S REPLY TO PETITIONERS' OPPOSITIONS TO MOTION TO DISQUALIFY ROPES & GRAY AND MOTION TO STAY DISCOVERY (ECF Nos. 19 & 20)**<br><br>Hearing Date: August 23, 2016<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Judge: Hon. Howard R. Lloyd |

## I. INTRODUCTION

Thoratec brought its disqualification motion (ECF No. 19) because its former counsel, Bird & Bird, switched sides against it. Ropes & Gray coordinated with Bird & Bird in bringing the present action before this Court and is irrebuttably presumed to be in possession of Thoratec's confidential information. In fact, Ropes & Gray does not dispute that it collaborated with Bird & Bird on its discovery strategy, worked with a Bird & Bird attorney to prepare a declaration about the German patent suit, and improperly shared confidential Thoratec information with Bird & Bird in related German litigation.

After being confronted with this violation of professional ethics, Ropes & Gray is now forced to withdraw from this matter. But having failed in its effort to sponsor Bird & Bird's improper side switching, Ropes & Gray refuses to commit to the relief Thoratec seeks through its motion (in addition to being disqualified from this matter). Remarkably, Ropes & Gray boldly suggests that it is still entitled to continue "assisting its client Abiomed in the German Actions, including by conferring with Bird & Bird about those actions." Koh Ex.[1] H. In the interest of maintaining the integrity and confidence in the legal profession, the Court must end Ropes & Gray's collaboration with Bird & Bird concerning the subject matter of Bird & Bird's prior representation of Thoratec.

Thoratec's proposed order is straightforward and consistent with other disqualification orders in this district. Thoratec respectfully requests that it be granted in full.

## II. ARGUMENT

### A. Ropes & Gray's Withdrawal Does Not Satisfy Thoratec's Concerns

Ropes & Gray's "opposition" states that Petitioners "will obtain new counsel" and "will file a motion seeking permission for Ropes & Gray LLP to withdraw as soon as Petitioners' new counsel enters an appearance." ECF No. 21 at 2. Petitioners subsequently moved to have Ropes & Gray withdrawn and succeeded by LeClairRyan LLP. ECF No. 22. That, however, does not moot Thoratec's disqualification motion because it does not address the complete relief that

---

[1] "Koh Ex." refers to the corresponding Declaration of Jennifer Koh, submitted herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

THORATEC REPLY ISO ITS MOTIONS TO
DISQUALIFY ROPES & GRAY AND STAY DISCOVERY
CASE NO: 16-MC-80094-HRL

Thoratec seeks by its motion.

As stated in Thoratec's opening brief, Ropes & Gray has collaborated with Thoratec's former counsel, Bird & Bird, on the subject matter of Bird & Bird's prior representation of Thoratec.  As such, Thoratec moved to disqualify Ropes & Gray, and sought the following additional relief: (a) Ropes & Gray shall not communicate with Bird & Bird about the subject matter of this action or any subject matter related to Bird & Bird's prior representation of Thoratec; (b) Petitioners shall retain alternate counsel who shall file a declaration that new counsel has not received any information about the subject matter of this action from Ropes & Gray or Bird & Bird; (c) Ropes & Gray shall not discuss the subject matter of this action with new counsel in this action and shall not provide their work product in this action to Petitioners or their new counsel; and (d) the action is stayed pending the appearance of new counsel.  Ropes & Gray's withdrawal and the appearance of LeClairRyan does not address any of this just relief.

To the contrary, when Thoratec asked Ropes & Gray to confirm that it would agree to this enumerated relief, Ropes & Gray refused.  According to Ropes & Gray "the confirmations you continue to seek from Ropes & Gray are irrelevant to this action and unwarranted" and that Ropes & Gray will not "refrain from assisting its client Abiomed in the German Actions, including by conferring with Bird & Bird about those actions."  Koh Ex. H.

Thoratec has no confidence that this action may proceed without the prejudice of Bird & Bird's side switching.

### B.      Thoratec's Motion Is Not Moot

Ropes & Gray argues that Thoratec's motion is mooted by its withdrawal from the case. Not so.  First, the Court has not granted Ropes & Gray's withdrawal nor entered the appearance of successor counsel.  Nor should it.  Ropes & Gray has appeared in this Court and should be held accountable for its actions.  *See, e.g.*, *Sanchez v. Sanchez*, No. 10-cv-1628-GPC (MDD), 2015 U.S. Dist. LEXIS 106805, at *6 (S.D. Cal. Aug. 13, 2015) (denying counsel's motion to withdraw when a "pending motion needs a ruling" and withdrawal would harm the administration of justice).  Second, Ropes & Gray cannot moot Thoratec's motion by agreeing to one of several items of relief sought.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

THORATEC REPLY ISO ITS MOTIONS TO
DISQUALIFY ROPES & GRAY AND STAY DISCOVERY
CASE NO: 16-MC-80094-HRL

**C.      Thoratec's Requested Relief Is Appropriate, Proportional And Justified**

When granting motions to disqualify counsel, California courts have granted the kind of additional relief that Thoratec seeks here.  Courts grant such relief to address "the appearance of impropriety that would cloak this case if [conflicted firm] continues to represent defendants.  Patent litigation often has significant public ramifications.  The litigants, the court, and the public would have to wonder whether [conflicted attorney's] loyalty lies with his former client, Asyst, who may well need his help in defending its patents, or to the clients of his current firm." *Asyst Techs., Inc. v. Empak, Inc.*, 962 F. Supp. 1241, 1243 (N.D. Cal. 1997); *see also Advanced Messaging Techs., Inc. v. Easylink Servs. Int'l Corp.*, 913 F. Supp. 2d 900, 912 (C.D. Cal. 2012) ("preserv[ing] public trust in the scrupulous administration of justice and the integrity of the bar") (citation and quotation marks omitted).

Specifically, courts have enjoined disqualified counsel from communicating with others about the present action.  *See, e.g.*, *Asyst Techs.*, 962 F. Supp. at 1244 (prohibiting disqualified counsel from "communicating or forwarding any of their work product created in the course of this action to defendants or to counsel subsequently retained by defendants to represent them in this action or in any matters related to this action"); *see also Advanced Messaging*, 913 F. Supp. 2d at 912-13 ("[s]uccessor counsel shall not communicate with [tainted attorney, screened attorneys, or disqualified law firm], or any other person, who had communications with the [tainted attorney] about any matter related to this action").  The integrity and confidence in the legal profession require an end to Ropes & Gray's collaboration with Bird & Bird about Bird & Bird's prior representation of Thoratec.

### III.      CONCLUSION

For the above reasons and the reasons in its opening motion, the Court should grant the relief sought in Thoratec's proposed order.  ECF No. 19.

Dated:  August 8, 2016                                           Respectfully submitted,

By  */s/ Terry Kearney*

| | |
|---|---|
| 1 | Terry Kearney |
|   | terry.kearney@lw.com |
| 2 | LATHAM & WATKINS LLP |
|   | 140 Scott Drive |
| 3 | Menlo Park, California 94025 |
|   | Tel: 650 328 4600 |
| 4 | Fax: 650 463 2600 |

Terry Kearney
terry.kearney@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025
Tel: 650 328 4600
Fax: 650 463 2600

Roger J. Chin
roger.chin@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415 391 0600
Facsimile: 415 395 8095

Attorneys for Respondent
Thoratec LLC

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

THORATEC REPLY ISO ITS MOTIONS TO
DISQUALIFY ROPES & GRAY AND STAY DISCOVERY
CASE NO: 16-MC-80094-HRL