1   Terry Kearney (Bar No. 160054)
    terry.kearney@lw.com
2   LATHAM & WATKINS LLP
    140 Scott Drive
3   Menlo Park, California 94025
    Telephone:  650 328 4600
4   Facsimile:  650 463 2600

5   Roger J. Chin (Bar No. 184662)
    roger.chin@lw.com
6   LATHAM & WATKINS LLP
    505 Montgomery Street, Suite 2000
7   San Francisco, California 94111
    Telephone: 415 391 0600
8   Facsimile: 415 395 8095

9   Attorneys for Respondent
    THORATEC LLC

10

11                     UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                           SAN JOSE DIVISION

14  In re Application of AIS GMBH AACHEN          CASE NO. 16-MC-80094-HRL
    INNOVATIVE SOLUTIONS & ABIOMED
15  EUROPE GMBH, Petitioners, For an Order        THORATEC'S NOTICE OF MOTION
    Pursuant to 28 U.S.C. § 1782 to Take          AND MOTION FOR RELIEF FROM
16  Discovery for Use in Foreign Proceedings,     NONDISPOSITIVE PRETRIAL ORDER
    Pursuant to the Federal Rules of Civil        OF MAGISTRATE JUDGE
17  Procedure, of Respondent Thoratec LLC

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO: .16-MC-80094-HRL

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that pursuant to Rule 72(a) of the Federal Rules of Civil

4

Procedure and Civil Local Rule 72-2, Thoratec LLC ("Thoratec") will and hereby does move the

5

Court for an order setting aside the April, 21 2017 Order by the Magistrate Judge (D.I. 49)

6

requiring Thoratec to produce samples of its HeartMate PHP heart pump product and related

7

hardware and accessories.  This Motion is based on this Notice of Motion and the accompanying

8

Memorandum of Points and Authorities, the Declaration of Christian Engelhardt, and the

9

proposed order submitted herewith, all papers and pleadings on file in this action, and such other

10

evidence and argument as may be presented.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO: .16-MC-80094-HRL

## I.    PROCEDURAL BACKGROUND

Petitioners AIS GmbH Aachen Innovative Solutions and Abiomed Europe GmbH (collectively "Abiomed") brought this miscellaneous action under 28 U.S.C. § 1782 against Thoratec, seeking discovery in support of German patent litigation.  Abiomed filed voluminous papers on an *ex parte* basis, including a detailed memorandum, a declaration by German counsel, and evidence in support.  Abiomed's application including declarations and exhibits amounted to 341 pages.  (Dkt. Nos. 1-3.)

In response to the *ex parte* application, Thoratec requested permission to meet and confer and to be heard, if necessary.  (Dkt. No. 14.)  The Magistrate did not allow Thoratec to do so, and instead granted Abiomed's application on an *ex parte* basis.  (Dkt. No. 16.)  The Magistrate also ordered Thoratec to raise any objections under its Standing Order re Civil Discovery Disputes (*id.* at 2), which among other things limited Thoratec to a 5-page portion of a joint discovery report and prohibited Thoratec from submitting any evidence in response to the application.  (Standing Order ¶¶ 2(D)(iii)-(iv) (available at http://www.cand.uscourts.gov/filelibrary/722/Standing-Order-re-Civil-Discovery-Disputes-3.1.pdf).)

Ultimately, the issues were presented by way of the required joint discovery report.  Thoratec offered to provide declarations and evidentiary exhibits in support of its position.  (Dkt. No. 44 at 9 n.10.)  However, the Magistrate did not receive any evidence from Thoratec and instead elected to decide the matter on the basis of the joint discovery report.[1]  The Magistrate's decision was based in part on what it found to be a "confusing description" of the underlying German patent proceedings and the lack of "factual support" for the burden imposed upon Thoratec by the proposed discovery.  (Dkt. No. 49 at 3, 4.)  This entire matter was disposed of without providing Thoratec a chance to submit evidence in support of its positions.

## II.    FACTUAL BACKGROUND

Thoratec is the manufacturer of the HeartMate PHP, a catheter-based heart pump that can

---

[1] The Standing Order provides that the parties jointly submit an 11-page joint report, which amounts to 5 pages per side in addition to the caption page.  Standing Order ¶ 2(D)(iii).  In addition to the 11-page joint report on the subpoena (Dkt. No. 44), the parties submitted additional joint reports on related issues.  (*See* Dkt. Nos. 45, 46, 47.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO: .16-MC-80094-HRL

1  be introduced through the femoral artery into the heart, designed to support cardiac function

2  during high-risk coronary procedures.  Abiomed sued Thoratec in Germany for patent

3  infringement.  (Engelhardt Decl. ¶ 3.)  However, all of the patent claims asserted by Abiomed

4  have been found to be invalid.  (*Id.* ¶¶ 8-11.)  As a result, the German actions have been

5  indefinitely stayed.  (*Id.* ¶¶ 12-16.)  During the stay, the German court will not accept any further

6  submissions from the parties.  (*Id.* ¶ 17.)  Nevertheless, Abiomed pressed on with its discovery

7  request.

8          When the German actions were proceeding, Abiomed made no effort to secure discovery

9  under German law.  (*Id.* ¶ 7.)  Several avenues were available to it, including an inspection order

10  under Sec. 809 and 810 BGB (German Civil Code).  (*Id.* ¶¶ 5-6.)  But instead, Abiomed directly

11  proceeded in this Court, apparently seeking to take advantage of more liberal discovery

12  procedures in the United States.

13          After the Magistrate granted Abiomed's application on an *ex parte* basis, the parties met

14  and conferred as required by the Standing Order.  Thoratec offered to produce documents that

15  provided a detailed description of the design and operation of the HeartMate PHP.  It specifically

16  identified and described the documents that would have directly addressed Abiomed's articulated

17  grounds of relevance.  (Dkt. No. 44 at 7.)  Abiomed refused Thoratec's offer of documents, and

18  instead demanded the immediate production of product samples.

19  **III.    ARGUMENT**

20          **A.    Legal Standards**

21          Non-dispositive pretrial matters may be decided by a magistrate, subject to review by the

22  district judge.  Fed. R. Civ. P. 72(a); L.R. 72-2.  Rule 72(a) requires the district court judge in the

23  case to review such nondispositive pretrial orders upon a party's objection, and requires the

24  district court to modify or set aside any order found to be "clearly erroneous or contrary to law."

25  Fed. R. Civ. P. 72(a).

26          The scope of discovery under § 1782 is not coextensive with ordinary discovery practice

27  in the United States.  Whether and to what extent discovery is permitted under § 1782 is

28  committed to the Court's sound discretion.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

2

MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO: .16-MC-80094-HRL

1   U.S. 241, 264 (2004).  The four "*Intel* factors" the Court must consider before ordering

2   discovery in aid to foreign litigation are:  (a) whether the respondent is a participant in the

3   foreign proceeding; (b) the nature and character of the foreign proceedings; (c) whether the

4   request conceals an attempt to circumvent foreign proof-gathering restrictions; and (d) whether

5   the discovery request is unduly intrusive or burdensome.  *Id*. at 264-65.

6          **B.     The Magistrate Clearly Erred by Refusing to Allow
                  Thoratec to Offer Evidence in Support of Its Opposition
7                  and Deciding this Matter on an Incomplete Record**

8          Thoratec was not provided a fair opportunity to respond to Abiomed's 341-page

9   application for discovery.  (Dkt. Nos. 1-3.)  Thoratec was prohibited from submitting any

10  evidence by the Magistrate's order and Standing Order (Dkt. No. 16 at 2; Standing Order

11  ¶ 2(D)(iv)), despite requesting an opportunity to do so.  (Dkt. No. 44 at 9 n.10.)  It is thus no

12  surprise that the Magistrate criticized Thoratec's position as being "painfully short of factual

13  support" and acknowledged its "lack of knowledge" about the "confusing" status of the German

14  actions.  (Dkt. No. 49 at 3, 4.)  These conclusions were reached on an incomplete record.

15         The discovery dispute procedures and Standing Order imposed by the Magistrate may

16  have been suitable for a typical case, where the Magistrate is familiar with the underlying

17  litigation record.  But such procedures are ill-suited for a petition that seeks discovery in support

18  of a foreign action, where the only record available to the Magistrate was submitted by an

19  adverse party on an *ex parte* basis.  Thoratec was denied an opportunity to develop that evidence.

20  As applied here, the Magistrate's procedures deprived Thoratec of the opportunity to respond

21  and submit evidence.

22         **C.     The Magistrate Failed to Properly Consider the
                  *Intel* Factors When Granting Abiomed's Application**
23

24         The Supreme Court has definitively set forth four factors that must be considered in

25  exercising the court's power under 28 U.S.C. § 1782.  *Intel*, 542 U.S. 241.  In granting

26  Abiomed's application and ordering discovery, the Magistrate failed to properly consider the

27  controlling *Intel* factors.  In fact, the Magistrate's order did not even acknowledge them.  All

28  four *Intel* factors weigh against discovery.  It was legal error for the Magistrate to grant

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO: .16-MC-80094-HRL

1  Abiomed's application.

2       The first *Intel* factor weighs against discovery because Thoratec is a participant in the

3  foreign proceeding.  (Engelhardt Decl. ¶ 4.)  As the Supreme Court explained, when the

4  respondent is a party to the foreign proceeding, "the need for § 1782(a) aid generally is not as

5  apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising

6  abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order

7  them to produce evidence."  *Intel*, 542 U.S. at 264.  Abiomed could not and did not rebut this

8  first *Intel* factor.  It indisputably weighs against discovery, and the Magistrate clearly erred when

9  he failed to consider this factor.

10      The second *Intel* factor focuses on "the nature of the foreign tribunal, the character of

11  proceedings underway abroad, and the receptivity of the foreign government, court, or agency to

12  federal-court judicial assistance."  *Id.*  Here, all of the underlying German actions have been

13  indefinitely stayed.  (Engelhardt Decl. ¶¶ 12-16.)  Thus, the proceedings are neither "underway"

14  nor is the German court "receptive" to the evidence.  Rather, during the stay, any submission by

15  Abiomed will have "no legal effect," in accordance with Sec. 249(2) ZPO (German Code of

16  Civil Procedure).  (Engelhardt Decl. ¶ 17.)  Under nearly identical circumstances, a § 1782

17  subpoena was quashed by this court in *In re King.com Ltd.*, No. 16-mc-80070-JCS, 2016 WL

18  4364286 (N.D. Cal. Aug. 16, 2016), when foreign infringement proceedings in Malta were

19  stayed pending invalidity proceedings.  *Id.* at *9.  Stayed proceedings "are not presently

20  *underway*" as required by the second *Intel* factor.  *Id.* at *8.  The Magistrate thus clearly erred

21  and misapplied the law by setting the bar too low, granting discovery because the German

22  actions are not "over finally, completely, and for good."  (Dkt. No. 49 at 5.)  Such a conclusion

23  conflicts with *In re King.com* and fails to properly apply the second *Intel* factor.

24      The third *Intel* factor considers "whether the § 1782(a) request conceals an attempt to

25  circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

26  United States."  *Intel*, 542 U.S. at 265.  Abiomed did not take any steps whatsoever to obtain

27  discovery or product samples in the German actions, despite having the opportunity to do so.

28  (Engelhardt Decl. ¶ 7.)  This failure weighs heavily against granting discovery under § 1782.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO: .16-MC-80094-HRL

1    *See In re Gilead Pharmasset LLC*, No. 14-mc-243 (GMS), 2015 WL 1903957, at *5 (D. Del.

2    Apr. 14, 2015) (petitioner's "lack of interest in pursuing any discovery under the laws of the

3    [foreign] forums [including Germany] indicates an attempt to circumvent those rules.").

4    Moreover, as discussed above, the German proceedings are stayed, and any discovery taken in

5    the United States would circumvent German discovery procedures.

6         The fourth *Intel* factor considers the burden of the discovery being sought.  The heart

7    pumps presently at issue were recently the subject of clinical events that have caused Thoratec to

8    pause the use of the pumps to allow time to evaluate and implement any needed corrective

9    actions to ensure the safety of its patients.  Abiomed's request for product samples would

10   interfere with failure analysis and further testing of solutions to address this issue, and Thoratec

11   was prepared to provide the Magistrate with evidence of that burden.  The fourth *Intel* factor was

12   not properly considered because the Magistrate prematurely concluded that the burden was "less

13   plausible" without having received any evidence on the issue.  (Dkt. No. 49 at 5.)  Furthermore,

14   the Magistrate failed to consider less burdensome alternatives, including Thoratec's offer to

15   provide (and Abiomed's refusal to accept) documents that describe how the accused products

16   work.  (*See* Dkt. No. 44 at 11.)

17        **D.    The Order Should be Stayed Pending Resolution of**
               **Thoratec's Motion for Relief**
18

19        The Magistrate ordered Thoratec to produce samples within 10 days of entry of a

20   protective order, less than the time provided under the Federal Rule 72(a) and Civil Local Rule

21   72-2 for this Court to receive and rule upon a motion for relief from the discovery order.  In

22   order to provide the Court adequate time to resolve Thoratec's motion for relief, Thoratec

23   respectfully requests that the order be stayed pending resolution and any appeal.  As discussed

24   above, the German infringement proceedings have been stayed indefinitely.  A short stay of the

25   discovery order therefore will not prejudice Abiomed.

26

27

28

| | |
|---|---|
| 1 | Dated: May 1, 2017 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Dated: May 1, 2017

Respectfully submitted,

*/s/ Terry Kearney*

Terry Kearney
terry.kearney@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025
Tel: 650 328 4600
Fax: 650 463 2600

Roger J. Chin
roger.chin@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415 391 0600
Facsimile: 415 395 8095

Attorneys for Respondent
THORATEC LLC

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO: .16-MC-80094-HRL