UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Application of AIS GMBH AACHEN INNOVATIVE SOLUTIONS & ABIOMED EUROPE GMBH, Petitioners, For an Order Pursuant to 28 U.S.C. §1782 to Take Discovery for Use in Foreign Proceedings, Pursuant to the Federal Rules of Civil Procedure, of Respondent Thoratec LLC | Case No. 5:16-mc-80094-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. Nos. 89, 90 |

On October 6, 2020, Defendant Thoratec LLC ("Thoratec) filed a motion for an order retaining the "Attorneys' Eyes Only" confidentiality designation for the HeartMate PHP device produced pursuant to the Protective Order in this action. Dkt. No. 75. On November 3, 2020, this Court referred that motion to Magistrate Judge van Keulen for resolution. The motion was fully briefed and a hearing before Judge van Keulen was held on January 12, 2021. On January 28, 2021, Judge van Keulen issued an order granting Thoratec's request to maintain confidentiality of the device pursuant to the Protective Order. Dkt. No. 87 ("Order").

Plaintiffs AIS GmbH Aachen Innovative Solutions and Abiomed Europe GmbH (collectively, "Petitioners") now move for relief from the Order. Dkt. No. 90 ("Motion"). Having carefully considered Petitioners' arguments, this court finds no basis to disturb the Magistrate Judge's Order to retain confidentiality designations. For the reasons stated below, the Petitioners' Motion is **DENIED**.

### I. Background

Petitioners are German companies which focus on developing technologies designed to assist or replace the human heart. Thoratec also operates in the field of cardiac support systems

and maintains a principal place of business in Pleasanton, California. On May 4, 2016, Petitioners applied *ex parte* for an order pursuant to 28 U.S.C. § 1782 for leave to serve a subpoena on Thoratec. Dkt. No. 1. Petitioners' application sought discovery in aid of foreign litigation, specifically, Petitioners' patent infringement suits against Thoratec in Germany ("German Actions").

As laid out more thoroughly in the Order, the Court issued a series of discovery orders and a Protective Order (Dkt. No. 51), which governed the production of Thoratec's HeartMate PHP device ("Device"). Dkt. No. 49 at 6. The parties agreed that the Device would be designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, and negotiated which individuals would have access to the Device.

In May 2020, Thoratec presented part of the Device—a part referred to as the canula—at a hearing in one of the German Actions. Petitioners now argue that Thoratec's disclosure of the Device in the public German hearing obviates the need for further protection under the Protective Order. Thoratec brought a motion to retain the confidentiality designations and Petitioners opposed, asking the Court to dissolve the Protective Order or re-designate the Device as merely Confidential.

Magistrate Judge van Keulen granted Thoratec's motion to retain the confidentiality designations, finding that Thoratec would suffer particularized harm if the Device were made public, and that Thoratec's presentation of the Device in the German Action did not present grounds to dissolve the Protective Order as to the Device. Petitioners filed the present Motion for relief from that Order.

## II. Legal Standard

Subject to some limitations not relevant here, any nondispositive pretrial matter before the district court may be referred to a magistrate judge for determination. 28 U.S.C. § 636(b)(1)(A). Once rendered, the decision of the magistrate judge may only be reconsidered by the district court where the order is "clearly erroneous" or "contrary to law." *Id.*; Fed. R. Civ. P. 72(a). This standard is not easily satisfied because it affords the magistrate judge significant deference.

Case No.: 5:16-mc-80094-EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

2

*United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

The legal conclusions of a magistrate judge are subjected to a "contrary to law" standard, which amounts to de novo review. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008).

### III. Discussion

Petitioners first argue that the Magistrate Judge erred in applying the "good cause" standard instead of the "compelling reasons" standard. Mot. at 2 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Under *Foltz*, a party must show compelling reasons to file under seal documents subject to a protective order when those documents are attached to a dispositive motion. *Id.* at 1136. Petitioners argue that the German hearing in which Thoratec's presented the device was a dispositive proceeding, and therefore, Thoratec should be required to show compelling reasons why the Device should remain confidential under the Protective Order in this action.

After substantial briefing and oral argument related to this question, the Magistrate Judge found that the "good cause" standard should apply. The Court agrees. Neither party seeks to file

Case No.: 5:16-mc-80094-EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

3

1    information about the Device under seal in a dispositive motion in the present action, as was the

2    case in *Foltz*, and thus, there is no overriding concern about the public's access to court records.

3    Rather, the question at issue is whether the Device has been properly designated as Attorneys'

4    Eyes Only under the stipulated Protective Order.  As the Magistrate Judge recognized, that

5    question is analyzed under a good cause standard.  *See In re Roman Catholic Archbishop of*

6    *Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (where a party challenges the designation

7    of documents under a stipulated protective order, the party seeking to maintain confidentiality "has

8    the burden of establishing that there is good cause to continue the protection of the discovery

9    material").

10   Next, Petitioners argue that the Magistrate Judge did not correctly apply the two-step

11   "good cause" analysis under *In re Roman Catholic Archbisho*p, 661 F.3d at 424.  Specifically,

12   Petitioners argue that the Magistrate Judge failed to consider the factors set forth in *Glenmede*

13   *Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).  This Court disagrees.  Under *In re*

14   *Roman Catholic Archbishop*, "if the court concludes that such harm will result from disclosure of

15   the discovery documents," as the Court did here, "then it must proceed to balance the public and

16   private interests to decide whether maintaining a protective order is necessary." *In re Roman*

17   *Catholic Archbisho*p, 661 F.3d at 424 (internal quotation marks and citations omitted).  The

18   Magistrate Judge did not omit this second prong of the analysis as Petitioners suggest; rather, she

19   found the *Glenmede* factors of little assistance in balancing the public and private interests in the

20   context of a foreign litigation proceeding because the driving policy concerns regarding public

21   access to court records in the United States "might well be inapplicable elsewhere." Order at 7

22   (quoting *In re Application of Heraeus Kulzer GmbH*, No. 3:09-CV-530 RM, 2015 WL 5613156,

23   at *2 (N.D. Ind. Sept. 22, 2015)).

24   Petitioners next contend that the Magistrate Judge erred in finding good cause to maintain

25   the confidentiality designation of the Device.  First, they argue that she failed to consider evidence

26   of public disclosure that pre-dated the stipulated Protective Order because "circumstances changed

1  after Thoratec displayed the device in open court." Mot. at 3. The Court does not see any reason
2  why Thoratec's presentation of the Device would change the analysis as to prior evidence of
3  public disclosure that pre-dated the Protective Order.

4  Next, Petitioners argue that the Order hinges on the Magistrate Judge's "erroneous finding
5  that 'German Actions' are 'confidential,'" when in fact the patent infringement hearing where
6  Thoratec displayed the Device was undisputedly public. Mot. at 3. But the Order expressly
7  acknowledges that "the German hearing itself is not a confidential proceeding." Order at 7.
8  Rather, after considering competing testimonies about the German hearing, the Magistrate Judge
9  found Thoratec's testimony that no confidential features of the Device were disclosed to be more
10 persuasive than Petitioners' testimony to the contrary. The Magistrate Judge's factual findings on
11 this matter are entitled to great deference and are not clearly erroneous.

12 Finally, the Magistrate Judge found it notable that Petitioners sought access to the Device
13 for their entire executive suite in addition to the counsel litigating the German Actions.
14 Petitioners' desire to spread access beyond the small group of attorneys who need it for litigation
15 purposes caused the Magistrate Judge to question Petitioners' motives in seeking to dissolve the
16 Protective Order. Petitioners argue that this observation was "unreasonably critical." Mot. at 5.
17 Again, the Magistrate Judge's factual findings are entitled to deference, and Petitioners failed to
18 demonstrate any clear error based on this observation.

### IV. Conclusion

For the reasons stated above, Petitioners' Motion for Relief from the Nondispositive Pretrial Order of the Magistrate Judge is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 16, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-mc-80094-EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE
5